IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CHIEN-MIN SUNG,<br><br>                Plaintiff,<br><br>v.<br><br>TEXAS INSTRUMENTS INCORPORATED,<br><br>                Defendant. | Civil Action No. 4:23-cv-753-SDJ<br><br>**JURY TRIAL DEMANDED** |

# JOINT RULE 26(f) CONFERENCE REPORT

The parties in the above-captioned case have conferred as required by Fed. R. Civ. P. 26(f) and the Court's Order Governing Proceedings ("Order") (Dkt. 8) and file this joint report.

The Rule 26(f) conference was held on November 15, 2023. Alex Chan and Peter Mazur of Devlin Law Firm LLC participated on behalf of Plaintiff Chien-Min Sung, Ph.D. ("Dr. Sung" or "Plaintiff"). Amanda A. Abraham of Roth & Abraham Law Firm, PC participated on behalf of Defendant Texas Instruments Incorporated ("Defendant" or "TI").

1. **Suggested modifications of the proposed deadlines for the scheduling order set out in Appendix B**

The chart below reflects the parties' proposed case deadlines. There is no disagreement between the parties with respect to any date below.

| Court's Proposed Deadline | Parties' Proposed Deadline | DESCRIPTION |
|---|---|---|
| 11/24/2023 | 11/24/2023 | Rule 26(f) Attorney Conference |
| N/A | 12/20/2023 | Exchange Rule 26 Initial Disclosures |
| 12/8/2023 | 12/8/2023 | Joint Status Report |

| Court's Proposed Deadline | Parties' Proposed Deadline | DESCRIPTION |
|---|---|---|
| To be discussed at mgmt. conf. | To be discussed at mgmt. conf. | Mediation. The Court will appoint a mediator at the Scheduling Conference. |
| 1/3/2024 at 2pm | 1/3/2024 at 2pm | Rule 16 Management Conference |
| 10 days after mgmt. conf. | 1/22/2024 | P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions (and P.R. 3-2 document production) to be served. |
| 5 weeks after mgmt. conf. | 2/14/2024 | Join additional parties. P.R. 3-3 Invalidity Contentions (and P.R. 3-4 document production) to be served. To the extent not already required to be disclosed, exchange Mandatory Disclosures on all issues, including damages. |
| No later than 45 days after mgmt. conf. | 2/20/2024 | Parties to exchange proposed terms for construction and identify any claim element governed by 35 U.S.C. § 112, ¶ 6 (P.R. 4-1). |
| 7 weeks after mgmt. conf. | 2/21/2024 | Privilege logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| No later than 65 days after mgmt. conf. | 3/8/2024 | Parties to exchange preliminary proposed claim construction and extrinsic evidence supporting same. (P.R. 4-2). |
| 13 weeks after mgmt. conf. | 4/3/2024 | Parties' Final Amended Pleadings. (A motion for leave is required.) |
| No later than 95 days after mgmt. conf. | 4/8/2024 | Joint Claim Construction and Prehearing Statement to be filed. (P.R. 4-3). Provide an estimate of how many pages are needed to brief the disputed claims. |
| 16 weeks after mgmt. conf. | 4/24/2024 | Respond to Amended Pleadings. |
| No later than 125 days after mgmt. conf. | 4/22/2024 | Completion date for discovery on claim construction. (P.R. 4-4). |
| No later than 140 days after mgmt. conf. | 4/22/2024 | Opening claim construction brief. (P.R. 4-5(a)). |
| No later than 2 weeks after | 5/6/2024 | Responsive claim construction brief. (P.R. 4-5(b)). |

| Court's Proposed Deadline | Parties' Proposed Deadline | DESCRIPTION |
|---|---|---|
| claim construction brief | | |
| No later than 7 days after response | 5/13/2024 | Reply claim construction brief. (P.R. 4-5(c)) |
| 4 weeks before claim construction hearing | 5/20/2024 | Submit technology synopsis/tutorial (both hard copy and disk). |
| At least 10 days before claim construction hearing | 6/7/2024 | Parties to file joint claim construction and chart. (P.R. 4-5(d)). Parties shall work together to agree on as many claim terms as possible. |
| 6/17/2024 | 6/17/2024 | **Claim Construction hearing Monday, June 17, 2024, at 10:00 a.m. at the United States Courthouse, 7940 Preston Road, Plano, TX 75024.** |
| 5 weeks after claim construction hearing | 8/9/2024 | Deadline for Initial Mandatory Disclosure of all persons, documents, data compilations and tangible things, which are relevant to a claim or defense of any party and which has not previously been disclosed. This deadline is not an extension of earlier deadlines set out in this Court's order or the Patent Rules, nor an excuse to delay disclosure of information. It is a "catchall" deadline for provision of all remaining information which may be relevant to a claim or defense of any party at trial. |
| 6 weeks after claim construction hearing | 7/29/2024 | Parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| 9 weeks after claim construction hearing | 8/19/2024 | Parties with burden of proof to designate Expert Witnesses other than claims construction experts and provide their expert witness reports, to include for ALL experts all information set out in Rule 26(a)(2)(B). |

| Court's Proposed Deadline | Parties' Proposed Deadline | DESCRIPTION |
|---|---|---|
| | | Comply with P.R. 3-7 (Designation of Willfulness Opinions). |
| 11 weeks after claim construction hearing | 9/3/2024 | Parties to Designate Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness report, to include for ALL experts all information set out in Rule 26(2)(B). |
| 12 weeks after claim construction hearing | 9/9/2024 | Mediation deadline. |
| 13 weeks after claim construction hearing | 9/16/2024 | Discovery deadline. All discovery must be served in time to be completed by this date. |
| 16 weeks after claim construction hearing (and no later than 110 days prior to the filing of the Joint Final PTO) | 10/7/2024 | File objections to any expert, including Daubert motions. Such objections and motions are limited to ten pages each. File Dispositive Motions and any other motions that may require a hearing. Regardless of how many dispositive motions a party files, each party is limited to a total of sixty pages for such motions. Each individual motion shall comply with Local Rule CV-7.<br><br>**Responses to motions shall be due in accordance with Local Rule CV-7(e).** |
| 5 weeks before final pretrial conference | 12/30/2024 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order, see www.txed.uscourts.gov, and Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases). |
| 30 days before final pretrial conference | 1/3/2025 | Motions in limine due. |

| Court's Proposed Deadline | Parties' Proposed Deadline | DESCRIPTION |
|---|---|---|
| | | File Joint Final Pretrial Order. Exchange Exhibits and deliver copies to the Court. At this date, all that is required to be submitted to the Court is a hyperlinked exhibit list on disk (2 copies) and no hard copies. |
| 4 weeks before final pretrial conference | 1/6/2025 | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the Court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the Court's rulings on objections. |
| 2 weeks before final pretrial conference | 1/21/2025 | Response to motions in limine due.<br><br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order. (This does not extend the deadline to object to expert witnesses.) If numerous objections are filed, the Court may set a hearing prior to the final pretrial conference.<br><br>File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law).<br><br>File Proposed Voir Dire Questions. |
| February 2, 2025 | 2/3/2025 | Final Pretrial Conference at 1:30 p.m. at the United States Courthouse, 7940 Preston Road, Plano, TX 75024. |

| Court's Proposed Deadline | Parties' Proposed Deadline | DESCRIPTION |
|---|---|---|
| **To be determined** | | 9:00 a.m. Jury Selection and Trial at the United States Courthouse, 7940 Preston Road, Plano, TX 75024. |

**Agreements Between Parties:**

**Privilege Logs**

The parties agree that they need not log any documents or communications generated after the commencement of litigation on the patents in suit.

a) **The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses;**

**Dr. Sung's Position**: The parties agree to the following limits on discovery relating to claim construction: no more than two witnesses including expert witnesses per side. The parties agree that they will not present live testimony at the Markman hearing.

b) **The scheduling of a Claim Construction Pre-hearing Conference to be held after the Joint Claim Construction and Pre-hearing Statement provided for in P.R.4-3 has been filed.**

The parties do not believe a Claim Construction Pre-hearing Conference is necessary in this case.

2. **If the parties believe mediation may be appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator should be stated.**

The parties have discussed the value of mediation and at this point believe that mediation may be beneficial in the future but would not be beneficial at this time and prior to the completion of fact and/or expert discovery. The parties will continue to confer regarding the selection of the mediator.

3. **What changes, if any, should be made to the limitations on discovery imposed by the rules, including the number of depositions and interrogatories.**

Except as provided below, the parties agree that the limitations on discovery as are set out in Section I of the Order Governing Proceedings should apply. In addition, the parties agree on the following proposed discovery limitations:

(a) **Party Depositions:**  Parties may take up to 40 hours of party depositions (inclusive of both 30(b)(1) depositions and 30(b)(6) depositions);

(b) **Interrogatories:**  Parties may serve 45 interrogatories per side; and

(c) **Requests for Admission:**  Parties may serve 45 requests for admissions per side. In lieu of serving authentication requests, the parties will confer to work out an appropriate agreement/stipulation concerning document authenticity prior to trial.

(d) **Non-Party Discovery:**  Parties may take up to 60 hours of nonparty depositions per side. The Parties may also take depositions on written questions of custodians of business records for non-parties and such depositions do not count against the above limitations. Parties may also seek non-party discovery through requests for production, declarations or as otherwise permitted by the Federal Rules of Civil Procedure.

(e) **Expert Depositions:**  Each party is limited to 3 expert witnesses per side. Parties may depose each expert witness for up to 7 hours per expert per report on a substantive issue. Examples of distinct substantive issues include (1) infringement, (2) invalidity, and (3) damages. For clarity, if an expert serves a report on infringement and invalidity, that expert is subject to two 7-hour depositions (i.e., one deposition for each report). For the avoidance of doubt, expert depositions do not count against the party deposition time.

(f) "Side" means a party or a group of parties with a common interest.

(g) Any party may later move to modify these limitations for good cause.

    (h) All depositions can be conducted remotely if so requested by the party seeking party or non-party deposition. The remote depositions must be conducted using two-way video, so the deponent can see the questioning attorney and vice-versa.

**4. The identity of persons expected to be deposed.**

At this time Plaintiff anticipates that any persons expected to be deposed will come from the lists disclosed in the Initial Disclosures. Plaintiff will supplement those disclosures should additional persons be identified who may be expected to be deposed.

At this time Defendant anticipates that any persons expected to be deposed will come from the lists disclosed in the Initial Disclosures. Defendant will supplement those disclosures should additional persons be identified who may be expected to be deposed.

The parties reserve the right to depose additional persons as they may become necessary.

**5. Any issues relating to disclosure of information (electronically stored and otherwise) including the form or forms in which it should be produced and timing of production. (*See* Section E - Mandatory Disclosures.)**

None at this time.

**6. Any issues relating to preserving discoverable information, including whether a Preservation Order is needed to protect any documents and/or electronically stored information.**

The parties certify that they have taken reasonable steps to ensure that documents and things relevant to this action have been (and are continuing to be) preserved. The parties understand their duties to preserve relevant information and do not believe that a preservation order is necessary.

**7. Whether any other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b), or Fed. R. Civ. P. 16(c).**

The parties agree that, to protect the parties' highly confidential information, a supplemental order governing access and use of highly confidential information in these cases is

necessary and request the Court to enter the Agreed Protective Order (attached as Exhibit A).

8. **Estimated trial time.**

    The parties agree that the above captioned action will require five days for trial.

9. **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

    It is expected that Alex Chan from Devlin Law Firm LLC will attend the Case Management Conference on behalf of Plaintiff.

    Amanda A. Abraham from Roth & Abraham Law Firm, PC will attend the Case Management Conference on behalf of Defendant.

10. **Any other matters counsel deem appropriate for inclusion in the joint conference report.**

    None at this time.

Dated: December 8, 2023                            Respectfully submitted,

| | |
|---|---|
| */s/  Alex Chan* | */s/ Amanda A. Abraham* |
| Alex Chan (Bar No. 24108051) | Amanda A. Abraham |
| achan@devlinlawfirm.com | Texas Bar No. 24055077 |
| **DEVLIN LAW FIRM LLC** | Email: aa@rothfirm.com |
| 1526 Gilpin Avenue | ROTH & ABRAHAM LAW FIRM |
| Wilmington, Delaware 19806 | 115 North Wellington, Suite 200 |
| Telephone: (302) 449-9010 | Marshall, Texas 75670 |
| Facsimile: (302) 353-4251 | Telephone: 903.935.1665 |
| | Fax: 903.935.1797 |
| *Counsel for Plaintiff* | Andrea Leigh Fair |
| *Dr. Chien-Min Sung* | Texas State Bar No. 24078488 |
| | Email: andrea@wsfirm.com |
| | Jack Wesley Hill |
| | Texas State Bar No.24032294 |
| | Email: wh@wsfirm.com |
| | WARD, SMITH & HILL, PLLC |
| | 1507 Bill Owens Parkway |
| | Longview, TX 75604 |
| | 903-757-6400 |
| | Fax: 903-757-2323 |
| | |
| | *ATTORNEYS FOR DEFENDANT* |
| | *TEXAS INSTRUMENTS INCORPORATED.* |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically on all counsel of record through the Court's electronic filing system on December 8, 2023.

/s/ Alex Chan
Alex Chan